## MINNEAPOLIS MILL COMPANY *vs.* WILLIAM L. TIFFANY.

### March 24, 1876.

**Reservation of Rent in Grant in Fee.**—A reservation, in an allodial grant, of a definite sum of money, payable annually, for any length of time, whether in the way of rent for the use of the thing granted, or as a consideration for the grant itself, does not give it a feudal character. Fealty was the essential and distinguishing feature of a feudal tenure.

**Same—Such Reservation not Prohibited by Constitution.**—A grant of a parcel of land, with one mill-power of water, for manufacturing purposes, subject to a fixed, perpetual, annual rent, is not prohibited by § 15, art. 1, of the constitution.

**Nuisance—Wooden Flouring Mill.**—A wooden flouring mill, run and operated by water as a motive power, is not, *per se*, a nuisance.

Plaintiff conveyed in fee to Crocker & Rowlandson a mill-site at Minneapolis, with one mill-power of water, to have and to hold to the grantees, subject to certain conditions as to user, and "yielding and paying to said company and their assigns forever, for such mill-power above granted, the yearly rent of $133.33," to be paid as provided in the deed. This action was brought in the court of common pleas of Hennepin county, to recover from defendant, an assign of Crocker & Rowlandson, four years' rent of the mill-power. The answer sets forth a condition in the grant to Crocker & Rowlandson, restraining the plaintiff and its assigns from maintaining or permitting certain described nuisances, (which condition is set forth at length in the opinion,) and alleges, as a counter-claim, a breach of this condition by plaintiff by permitting the erection of a wooden

flouring mill adjoining the stone flouring mill of plaintiff on the mill-site above mentioned, and damages resulting to defendant therefrom.

A jury was waived, and the action tried before *Young*, J., who ordered judgment for plaintiff. A new trial was refused, and defendant appealed.

*Atwater & Babcock*, for appellant.

*J. M. Shaw*, for respondent.

CORNELL, J. Section 15, art. 1, of the constitution declares all lands within this state to be allodial, prohibits feudal tenures of every description, with all their incidents, and makes void all leases and grants of agricultural lands thereafter made for a longer period than twenty-one years, in which shall be reserved any rent or service of any kind. It is quite evident that the framers of the constitution did not suppose that this declaration as to the allodial character of all lands, and the prohibition of feudal tenures, with their incidents, was sufficiently broad to cover the kind of leases and grants mentioned in the last clause of this section, without reference to the nature of the lands which might be the subject of the conveyance, else the special inhibition in respect to leases and grants of agricultural lands had been unnecessary; and in this they were clearly right. A reservation, in an allodial grant, of a definite sum, payable annually, for any length of time, whether in the way of rent for the use of the thing granted, or as a consideration for the grant itself, does not give it a feudal character. Fealty was the essential and distinguishing feature of a feudal tenure. *Van Rensselaer* v. *Hays*, 19 N. Y. 68; *Wallace* v. *Harmstad*, 44 Penn. St. 492; *White* v. *Fuller*, 38 Vt. 193.

It is not pretended that the subject of the grant in this instance was agricultural land, and hence the last clause of this constitutional section has no application.

2. The lease under which defendant holds contains the following, among other conditions: " Sec. 11. The grantees are not to use any buildings for, or set up or continue,

any laboratory, powder mill, nor any chemical or other works whatever which may be so noxious or dangerous, from fire or otherwise, as to impair, injure or endanger the life, safety or reasonable comfort of any person now or hereafter living or employed in and about the land or works of the grantees or their assigns, or which shall endanger the buildings, property or works now or hereafter placed upon the land of the grantors by themselves or others; and in case *any such* should be so set up, continued or used, the grantors or their assigns may enter and abate them, etc., and may likewise stop the water from passing into the flumes of the party so setting up, continuing or using *such nuisance*, until such *nuisance* be removed or discontinued. Nor are the grantors or their assigns to set up, continue or use *any such* on their land so near that of the grantees as to cause the *above described nuisances, or either of them.* And should any such be set up, etc., the grantees and their assigns may enter and abate them, * * * and may have their action, in case of damage, against the party setting up, using or continuing *such nuisance,* and if the same should have been set up, used or continued, by license from the grantors, the grantees or their assigns shall also be discharged from the payment of rent accruing during the continuance of *such nuisance.*"

It seems too clear for argument that the works intended to be prohibited by this section were such, and such only, as may properly be denominated nuisances in a legal sense. That the structure complained of in this instance—a wooden flouring mill, operated by water as a motive power—is a structure of this character is unsupported by any authority, or any legal definition of the word nuisance. *Rhodes* v. *Dunbar,* 57 Penn. St. 274. As this conclusion is decisive of the case, the other points raised and discussed on the argument need not be considered.

Order affirmed